**WO**

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| Kenneth Dale Melvin, | No. CV-20-08227-PCT-SMB |
| Plaintiff, | **ORDER** |
| v. | |
| Commissioner of Social Security Administration, | |
| Defendant. | |

At issue is the denial of Plaintiff Kenneth Dale Melvin's Application for Supplemental Security Income ("SSI") benefits by the Social Security Administration ("SSA") under the Social Security Act ("the Act"). Plaintiff filed a Complaint (Doc. 1) seeking judicial review of that denial and an Opening Brief (Doc. 25). Along with its Response, Defendant filed a Motion to Remand this matter for a new hearing and decision based on harmful error in the Administrative Law Judge's ("ALJ") decision. (Doc. 30). Thereafter, Plaintiff filed a Reply Brief opposing remand and seeking to have this Court enter an immediate award of benefits. (Doc. 31). The Court has reviewed the briefs and Administrative Record ("AR") (Doc. 24), reverses the ALJ's decision (AR 18-28), and remands this matter for a new administrative hearing for the reasons addressed herein.

**I.    Background**

Plaintiff filed an Application for SSI benefits on April 17, 2017, alleging a disability beginning on June 1, 2011. (AR 18). Plaintiff's claim was initially denied on June 18, 2017, and upon reconsideration on August 1, 2017. (*Id.*) A hearing was held before ALJ

1     Betty Barbeito on June 6, 2019.  (*Id.* at 37-63).  Plaintiff's Application was denied by the

2     ALJ on July 17, 2019.  (*Id.* at 28).  Thereafter, the Appeals Council denied Plaintiff's

3     Request for Review of the ALJ's decision and this appeal followed.  (Doc. 1).

4         After considering the medical evidence and opinions, the ALJ evaluated Plaintiff's

5     disability claim based on the severe impairments of neck issues, back issues, and chronic

6     arthritis.  (AR 22).  The ALJ concluded that Plaintiff could perform light work with a

7     number of limitations.  (*Id.* at 24).  The ALJ found Plaintiff could not perform any past

8     jobs, but that other jobs existed in significant numbers in the national economy that Plaintiff

9     could perform.  (*Id.*)

10         Plaintiff argues the ALJ's discussion of Plaintiff's residual functional capacity

11    ("RFC") was internally inconsistent and contrary to the limitations posed to the vocational

12    examiner ("VE").  (Doc. 25).  Plaintiff also argues the ALJ erred in discounting his

13    subjective symptom testimony.  Plaintiff argues that his case should be remanded for an

14    immediate award of benefits.  (*Id.*)  The Commissioner agrees that the ALJ committed

15    material and harmful error and moves to remand this case for additional administrative

16    proceedings to enable the ALJ to reevaluate the record evidence under the proper standards

17    and issue a new decision.  (Doc. 30).  Specifically, as the parties agree the ALJ erred with

18    respect to the questions asked of the VE, the Commissioner argues that new VE testimony

19    is necessary to determine whether Plaintiff can in fact perform any work.

20         As the parties agree to harmful error necessitating reversal, the Court will only

21    consider the ultimate issue of whether this matter should be remanded for a new

22    administrative hearing or for an award of benefits.  The Court has reviewed the medical

23    record and will discuss the pertinent evidence in addressing the issues raised by the parties.

24    **II.**     **Legal Standards**

25         Sentence four of 42 U.S.C. § 405(g), gives the district court the power to "revers[e]

26    the decision of the Commissioner of Social Security, with or without remanding the cause

27    for a rehearing."  42 U.S.C. § 405(g).  "The district court must first determine that the ALJ

28    made a legal error, such as failing to provide legally sufficient reasons for rejecting

evidence." *Dominguez v. Colvin*, 808 F.3d 403, 407 (9th Cir. 2015), as amended (Feb. 5, 2016).  Once it has been established that an ALJ's decision contains harmful error, the decision to remand a case for additional administrative proceedings is within the discretion of the court.  *Reddick*, 157 F.3d at 728; *Swenson v. Sullivan*, 876 F.2d 683, 689 (9th Cir. 1989).  If additional proceedings can remedy defects in the original administrative proceedings, a social security case should be remanded for a new hearing.  "Remand for further proceedings is appropriate where there are outstanding issues that must be resolved before a determination can be made, and it is not clear from the record that the ALJ would be required to find claimant disabled if all the evidence were properly evaluated." *Hill v. Astrue*, 698 F.3d 1153, 1162 (9th Cir. 2012) (*citing Vasquez v. Astrue*, 572 F.3d 586, 593 (9th Cir. 2009)).  In deciding whether additional proceedings are warranted, the court should "review the record as a whole and determine whether it is fully developed, is free from conflicts and ambiguities, and all essential factual issues have been resolved." *Dominguez*, 808 F.3d at 407.  In order to remand without rehearing, "the district court must consider whether there are inconsistencies between the claimant's testimony and the medical evidence in the record, or whether the government has pointed to evidence in the record that the ALJ overlooked and explained how that evidence casts into serious doubt the claimant's claim to be disabled." *Id.* (internal citations omitted).  "Unless the district court concludes that further administrative proceedings would serve no useful purpose, it may not remand with a direction to provide benefits." *Id.*

For the Court to remand for award of benefits without rehearing, three additional conditions must be satisfied: "(1) the record has been fully developed and further administrative proceedings would serve no useful purpose; (2) the ALJ has failed to provide legally sufficient reasons for rejecting evidence, whether claimant testimony or medical opinion; and (3) if the improperly discredited evidence were credited as true, the ALJ would be required to find the claimant disabled on remand." *Garrison v. Colvin*, 759 F.3d 995, 1020 (9th Cir. 2014).  This mechanism has been described as "a rare and prophylactic exception to the well-established ordinary remand rule." *Leon v. Berryhill*,

880 F.3d 1041, 1044 (9th Cir. 2017).  And even where each condition is satisfied, the Court may still remand for further administrative proceedings if "an evaluation of the record as a whole creates serious doubt that a claimant is, in fact, disabled." *Id.* at 1021.  "If additional proceedings can remedy defects in the original administrative proceedings, a social security case should be remanded." *Id.*

## III.   Analysis

Plaintiff argues that the errors in the ALJ's opinion warrant remanding this case for an award of benefits because the VE testified that the symptoms that Plaintiff testified to having would preclude all work.  (Doc. 31 at 2-3).  Defendant moves to remand this matter to the Commissioner for a new hearing pursuant to sentence four of 42 U.S.C. § 405(g) to enable the Commissioner to reevaluate the record evidence and issue a new decision.  (Doc. 30).  Specifically, the Commissioner argues that both parties agree that the ALJ erred in the RFC determination and that the ALJ's hypotheticals on which the VE testimony was based were internally inconsistent.

As an initial matter, the parties agree that the ALJ did not properly question the VE. Specifically, the ALJ's hypothetical to the VE was internally inconsistent in that the ALJ asked the VE to consider an individual who both could stand or walk for two hours a day and stand for only 15 minutes at a time for up to one hour per day within the same hypothetical.  The ALJ then relied on the VE testimony.  Moreover, the ALJ's hypothetical question to the VE did not match up with the ALJ's ultimate RFC determination in the decision.  The parties agree that this resulted in the ALJ assigning an incorrect RFC to Plaintiff.   (Doc. 30 at 3).   Additionally, the VE stated that a "sit-stand option" accommodation was available and that this would be a deviation from the DOT description of the job.  The Commissioner argues that the ALJ did not ask the VE about the deviation even though the decision indicates that she did.  (*Id.* at 4).

After reviewing the hearing transcript, the VE testimony, and the ALJ's decision, the Court agrees that there was harmful error here.  There are numerous inconsistencies in the ALJ's initial hypotheticals posed to the ALJ and in the deviations and accommodations

that are opined by the VE that are not explained in the decision.  Therefore, the Court finds that the ALJ erred and that the errors warrant reversal.[1]

As to the proper remedy, on this record, and with the number of errors agreed to by the parties, the Court finds that it is not able to find Plaintiff disabled at this juncture.  The absence of clear VE testimony on the ultimate issue of Plaintiff's disability is an issue that needs to be addressed.  As this will require additional VE testimony, this issue is best left to the ALJ as the designated finder of fact.  Therefore, the Court finds, in its discretion, that remand for a new administrative hearing and a new decision is in the best interest of all parties.  On remand, the Agency shall hold a new hearing, take testimony from a new VE and follow all of the applicable regulations, reconsider the medical opinion evidence of record, and issue a new decision.  On remand, the ALJ must determine whether the medical opinion evidence, when properly evaluated according to applicable regulatory standards and considering the testimony of the VE and the Plaintiff, establishes disability.  Moreover, as the Court is ordering a new administrative hearing, the ALJ must reconsider the Plaintiff's symptom testimony and determine his residual functional capacity, if any, in accordance with the governing standards.

Accordingly,

**IT IS HEREBY ORDERED** that the decision of the Commissioner is **REVERSED** and this case is **REMANDED** pursuant to sentence four of 42 U.S.C. § 405(g) for further administrative proceedings, including a new administrative hearing, to allow the Commissioner to further evaluate the medical opinion evidence and prior administrative findings, to obtain additional vocational expert testimony, reevaluate Plaintiff's residual functional capacity in light of the reevaluation of the medical opinions, and issue a new decision.

---

[1] Plaintiff additionally argues that the ALJ erred in discussing his subjective symptom testimony.  As the Court has found harmful error and is remanding the matter for a new administrative hearing and decision, the Court need not reach this issue as the ALJ will necessarily be required to reevaluate Plaintiff's symptom testimony in the new decision. *See Montgold v. Comm'r of Soc. Sec. Admin.*, 2021 WL 5002594, at *5 (D. Ariz. Oct. 28, 2021).

1    **IT IS FURTHER ORDERED** that the Clerk of Court is directed to enter judgment

2  accordingly.

3        Dated this 31st day of May, 2022.

4

5

6        _____
         Honorable Susan M. Brnovich
7        United States District Judge

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28